UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOSEPH JONES, CDCR #E-37711,<br><br>                              Plaintiff,<br><br>       vs.<br><br><br>Dr. ARNETT CARRABY et al.,<br><br>                              Defendants. | Case No.: 18-CV-1609-AJB(WVG)<br><br>**ORDER SUA SPONTE DISMISSING CLAIMS AGAINST DEFENDANTS CARRABY, MANI, AND DELENGOCKY** |

William Joseph Jones ("Plaintiff"), currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 27.) This Order follows Plaintiff's filing of a First Amended Complaint ("FAC") that fails to sufficiently state a claim against Defendants Carraby, Mani, and Delengocky. Accordingly, the Court *sua sponte* screens and dismisses the claims against these defendants with leave to amend. It also appears that Plaintiff did not serve the FAC upon these three Defendants, who are located at a different address than Defendant Ortega and Foyle.

## I.   BACKGROUND

Plaintiff claims prison medical officials (Defendants Foyle and Ortega) at Centinela State Prison ("CSP") and several optometric specialists employed by California Retina

1

Associates (Defendants Carraby, Mani, and Delengocky), who contracted with CSP to provide Plaintiff eye surgery in March 2017, violated his Eighth Amendment rights by "botch[ing]" his cataract surgery and thereafter acting with "deliberate indifference" to his compromised vision and eyecare needs.

## II. DISCUSSION

### A. Legal Standard: Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

The Prison Litigation Reform Act requires that the "the court shall dismiss the case *at any time* if the court determines that the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added)." Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.   Plaintiff's Allegations Against Defendants Carraby, Mani, and Delegonsky Are Insufficient**

Plaintiff claims that while he was incarcerated at CSP in March 2017, he was transported to El Centro Regional Medical Center in Imperial, California, to have cataract surgery on his right eye performed by Defendant Carraby. *See* FAC, Doc. No. 27 at 2. Plaintiff claims Carraby "botch[ed] the operation" by inadequately anaesthetizing him, and during the course of the surgery, detached his retina. *Id.* While the FAC extensively mentions Defendant Dr. Foyle, it does not set forth in sufficient detail about how Drs. Carraby, Mani, and Delengocky individually and separately violated his Eighth Amendment right to medical care. For example, the FAC contains no facts or allegations about any deliberate indifference on the part of Drs. Carraby, Mani, and Delengocky. While the original Complaint contained more of these details, the FAC does not contain any details. As the Court previously advised Plaintiff, the FAC must stand on its own and cannot rely on the original Complaint.

Given these deficiencies, the Court finds Plaintiff's FAC fails to survive even the low threshold for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2)(b). Therefore, the Court dismisses the FAC against Drs. Carraby, Mani, and Delengocky. Plaintiff is granted leave to file a Second Amended Complaint as stated below.

### IV.   Conclusion and Order

Based on the foregoing, the Court orders as follows:

1.   The First Amended Complaint against the following defendants is **DISMISSED** with leave to amend: Dr. Arnett Carraby, Dr. Majid Mani, Dr. Tyson

Delengocky;

2. If Plaintiff wishes to continue to pursue claims against Defendants Carraby, Mani, and Delengocky, he must file a Second Amended Complaint **no later than October 9, 2020**. Plaintiff's Second Amended Complaint must be complete in and of itself without reference to his original Complaint or the First Amended Complaint. Plaintiff must specifically identify by name all defendants he intends to pursue and allege specific factual allegations as to each individual. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**If Plaintiff does not file a Second Amended Complaint by the above deadline, Defendants Carraby, Mani, and Delengocky will remain dismissed, and this case will proceed only against Defendants Foyle and Ortega.**

3. **DIRECTS** the Clerk of Court to mail a copy of this Order to Defendants Carraby, Mani, and Delengocky at the same address(es) they were served the original Complaint. (*See* Doc. Nos. 12, 13, 14.)

4. **ORDERS** Plaintiff to serve any Second Amended Complaint upon Defendants Carraby, Mani, and Delengocky at the following address: 1452 South La Brucherie, Suite A, El Centro, CA 92243. These defendants are not located at the same address as Defendants Foyle and Ortega.

**IT IS SO ORDERED**.

Dated: September 2, 2020

Hon. Anthony J. Battaglia
United States District Judge