UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. JONES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ARNETT CARRABY, M.D.; TAYSON DELENGOCKY, O.D.; MAJID MANI, M.D.; MICHAEL FOYLE, O.D.; AND ROGELIO ORTEGA, M.D.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-1609-AJB-WVG<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION and**<br><br>**(2) GRANTING THE MOVING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. Nos. 43, 47)** |

**I.　BACKGROUND**

This is a civil rights action under the Civil Rights Act, 42 U.S.C. § 1983, filed by William J. Jones ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, against Arnett Carraby, M.D. ("Dr. Carraby"), Tayson Delengocky, D.O. ("Dr. Delengocky"), Majid Mani, M.D. ("Dr. Mani"), Michael Foyle, O.D., and Rogelio Ortega, M.D. (collectively, "Defendants"). The Second Amended Complaint ("SAC") is the operative complaint, and therein, Plaintiff brings Eighth Amendment claims against Defendants arising out of an alleged botched surgery on his right eye and the post-operative care he received. (Doc. No. 36.)

1       Before the Court is Drs. Carraby, Delengocky, and Mani's ("Moving Defendants") motion to dismiss the SAC as to the claims against them. (Doc. No. 43.) The Court referred the matter to Magistrate Judge William V. Gallo for a Report and Recommendation ("R&R"), which he issued on December 21, 2021. (Doc. No. 47.) The R&R recommends the Court grant the Moving Defendants' motion to dismiss and dismiss the SAC against the Moving Defendants without leave to amend. (*Id.* at 2, 11.)[1] The parties were instructed to file written objections with the Court no later than January 21, 2022. (*Id.* at 11.)

## II.     DISCUSSION

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a *de novo* determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). "The statute [§ 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). Thus, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Reyna-Tapia*, 328 F.3d at 1123.

//
//
//
//
//
//

---

[1] The pinpoint page citations refer to the ECF-generated page numbers at the top of each filing.

1 | Neither party has filed an objection to the Magistrate Judge's R&R. Having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's R&R in its entirety and **GRANTS** the Moving Defendants' motion and **DISMISSES WITHOUT LEAVE TO AMEND** the SAC against the Moving Defendants (Drs. Carraby, Delengocky, and Mani). (Doc. Nos. 43, 47.) The SAC remains operative as to the remaining defendants.

**IT IS SO ORDERED**.

Dated:  January 25, 2022

Hon. Anthony J. Battaglia
United States District Judge